JUMP RIVER LUMBER COMPANY, Respondent, vs. MOORE and another, Appellants.

*November 4 — November 22, 1887.*

*Vendor and purchaser of land: Sale of liquors: Forfeiture: Receipt.*

The vendor of land gave a receipt for $25 "to apply on purchase of lot 22, block 4, village of Prentice; deed, with our restrictions in regard to intoxicating liquors, to be given on completion of payment, in all $50, on or before ninety days from date." No other contract was made, but the purchaser went into possession. The

restrictions which were to be contained in the deed provided for a forfeiture in case intoxicating liquors were sold on the premises. *Held*, that there was no restriction or condition which could affect the conduct of the purchaser before the giving of the deed.

APPEAL from the Circuit Court for *Price* County.

The facts are sufficiently stated in the opinion. The defendants appealed from a judgment in favor of the plaintiff.

For the appellants there was a brief by *Schweppe & Foster*, and oral argument by *Mr. Schweppe*. They argued, among other things, that there was no contract authorizing a forfeiture for condition broken; the written receipt does not contain one, and the parol evidence is improper and does not show such a contract. Conditions to defeat an estate or work a forfeiture are strictly construed. *Lawe v. Hyde*, 39 Wis. 345; 1 Greenl. on Evi. sec. 300; *Cole v. Clark*, 3 Pin. 303; *Shafer v. Phœnix Ins. Co.* 53 Wis. 361; Wood on Ins. sec. 59.

*Willis Hand*, for the respondent.

ORTON, J. The first count of the complaint is in the common form of ejectment. The second count sets up the contract between the respondent and the defendant *Moore* for the sale of the premises in controversy to her, by virtue of which she went into possession thereof, and under which the defendant *Stitt* became half owner with said *Moore* by assignment, and alleges that said *Stitt*, with the consent of *Moore*, for several weeks last past has been engaged in selling beer and whisky and other intoxicating liquors at retail on the said premises, in violation of a certain condition of said contract, by reason whereof the plaintiff declared a forfeiture of said premises, and demanded the possession thereof. That condition was "that the grantee, *M. J. Moore*, and her heirs and assigns, should not sell, barter, exchange, or deal in, on the said premises, any beer or whisky or other intoxicating liquors, for a period of eight years from the date

of such sale, under penalty of the forfeiture of said premises to the grantor; and that in case of a violation of such condition by [the said] *M. J. Moore* or her heirs or assigns the grantor might declare a forfeiture, and the title to the said premises should revert to the grantor."

The answers deny that there was any condition to said sale, and admit that the said *Stitt* has been selling liquors upon said premises, and procured a license so to do, and allege that said *Stitt* has built on said premises two buildings, in one of which he has been selling liquors, as he had a right to do.

This is all that need be said about the pleadings or issue in the case to make the decision intelligible. The jury, by direction of the court, found that the plaintiff was the owner in fee of the premises, and entitled to the immediate possession thereof, and that the defendants unlawfully withhold the same, and assess the damages for such unlawful withholding at six cents. There are no special findings upon the facts of the forfeiture. The defendants made a motion to set aside the verdict, and for a new trial, on the ground that the verdict is contrary to the law and the evidence, which was overruled and exception taken. There were many exceptions to the admission of evidence reserved by the court, but the main question in the case may as well be decided upon the effect of the evidence, or on the merits of the case.

To prove the contract the plaintiff's counsel introduced the following receipt in evidence, subject to objection:

"PRENTICE, May 1, 1886.

"Received of *Mrs. M. J. Moore* twenty-five dollars, to apply on purchase of lot 22, block 4, village of Prentice. Deed, with our restrictions in regard to intoxicating liquors, to be given on completion of payment, in all fifty dollars, on or before ninety days from date.

[Signed]   "JUMP RIVER LUMBER COMPANY."

In offering this receipt, the counsel of the plaintiff said: "We offer it for the purpose of showing the transaction that actually occurred between the parties, for the purpose of showing the kind of contract that was made, and not perhaps as a legal contract under the statute, but as a memorandum of a contract that was made at that time, being the only writing that was given showing the terms of the contract. It is the only competent evidence in regard to the matter, and it is offered for that purpose." C. R. Gallett, the superintendent of the plaintiff company, who, as a witness, testified that he gave that receipt, testified further "that there was no other contract made in reference to the lot besides the receipt in evidence." This same witness testified that he had conversations with the defendants about this restriction that the company had been in the habit of inserting in their deeds, and there was one of such deeds introduced in evidence containing the condition set out in the complaint, but this evidence was received subject to the objection of the defendants' counsel. The witness further testified: "I don't remember that there was anything said at the time he paid the money and the receipt was given in regard to restrictions, because the conversations and the negotiations had been previous to the making of the receipt." The witness testified further that he never showed the defendants any deed containing such a condition. When asked to state fully what he told the defendants in regard to the restrictions which would be incorporated in the company's deed in reference to the sale of intoxicating liquors, the witness, among other things, stated that he told him "he would not allow any liquors sold there. When the sales were made the restrictions were put in the deed, and the penalty was a forfeiture of the property if they violated the terms." The word "him" is used in this evidence because the husband of the defendant *Moore* was the person who made the bargain in her behalf.

*First*, it is very clear from this evidence on behalf of the plaintiff that there was no other contract made except what was embodied in this receipt; and, *second*, that the condition or restriction was to be contained in the deed when made, in accordance with the tenor of this receipt. According to this evidence this suit was premature. There was no condition or restriction that could affect the bargain or the conduct of the defendants before the giving of the deed. As to what the defendants might do or not do with the premises in the mean time, there was no contract. This is the effect of all the evidence introduced by the plaintiff. The defendants, as witnesses, denied that there was any such condition in the contract, or that there was to be any such in the deed. It is very certain that there was no proof 'of any other condition than that contained in the receipt, and that condition is to be embodied in the deed. Whether that can be enforced, in consequence of its defective terms or ambiguities, is not to be answered in this suit; or whether it may be reformed in a court of equity. But there is yet no deed, and therefore no condition of forfeiture. It is the fault alone of the plaintiff if it has not made a bargain with such terms and certainty that it can be enforced against the evil traffic so injurious to their general interests; and, according to the evidence, they have made no contract whatever that reaches the present condition of things.

There was no evidence to warrant or support the verdict, and of course no such clear evidence as to justify the direction of the court to render it, and therefore the motion to set it aside ought to have been granted.

There was an injunction granted to restrain the defendants from violating such pretended condition of the sale, and a motion to dissolve it was overruled. The principal ground for the motion seems to have been that, in a case for enforcing a forfeiture for the breach of such a condition, the injunction ought not to have been allowed. This ground

need not be considered. The injunction, however, was superseded by the judgment. The judgment now being reversed on its merits, the injunction predicated on the same ground of the action ought now to be dissolved, inasmuch as an appeal was also taken from the order denying the motion to dissolve it.

Said order is therefore reversed, and the judgment of the circuit court is reversed, and the cause remanded for a new trial, and with direction to dissolve the injunction.

*By the Court.*— Ordered accordingly.